United States District Court
Middle District of Florida
Jacksonville Division

**MICHAEL CELESTE,**

 *Plaintiff,*

v.                No. 3:17-CV-861-J-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

 *Defendant.*

---

# Order

 Earlier in the case, the Court reversed the Commissioner of Social Security's denial of Michael Celeste's application for disability insurance benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 24, 25. He now requests, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, an award of $3,885.67 in attorney's fees and $400 in costs for the filing fee. Doc. 26. The Commissioner does not oppose the request. Doc. 26 at 2.

 In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees and costs are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) he timely requested them, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

 A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of date the judgment becomes final. *See* 28 U.S.C. § 2412(d)(1)(B) &

(d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). An EAJA request must contain an allegation that the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if made, the Commissioner bears the burden of showing that it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422–23 (2004).

The first four conditions are satisfied here, and, as to the fifth, no equitable consideration is apparent or presented that would make an EAJA award unjust. Celeste prevailed because the Court ordered a sentence-four remand. Doc. 24 at 10. Celeste's December 7, 2018, request, Doc. 26, is timely because he made it within 30 days of when the Court's September 10, 2018, judgment, Doc. 25, became final. He represents that his net worth did not exceed $2 million when he filed this case, Doc. 26 at 1–2, and the Court accepts that representation. His petition includes an allegation that the Commissioner's position was not substantially justified, Doc. 26 at 1, and the Commissioner has not attempted to satisfy her burden of showing otherwise. The Commissioner does not contend that this case presents a special circumstance, and none is apparent. Thus, Celeste is eligible to receive an EAJA award, and the only remaining issue is whether the requested amounts are reasonable.

The EAJA provides an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except … shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Costs for items in 28 U.S.C. § 1920, which include clerk fees, are allowed. 28 U.S.C. §§ 2412(a) & 1920(1). An

EAJA award is to the party, not his attorney. *Astrue v. Ratliff,* 560 U.S. 586, 592–93 (2010).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation . . . ." *Id.* at 1034.

If adjusting the fee cap, a court should use the cost of living increase to when the attorney performed the work, not to a later time. *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997). To do otherwise amounts to awarding interest for which the United States has not waived sovereign immunity. *Id.*; *see also United States v. Aisenberg*, 358 F.3d 1327, 1346 n.28 (11th Cir. 2004) (finding *Masonry* and similar opinions persuasive in an analogous context).

The party requesting fees must demonstrate reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court is "'itself an expert'" on reasonable rates, may consider its own "'knowledge and experience'" concerning reasonable rates, and may "'form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)). If there is lack of support, a court may make the award on its own experience if it provides sufficient information to allow meaningful review. *Id.* at 1303–04.

Besides demonstrating the reasonableness of rates, a party requesting fees must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Fees for time spent preparing an EAJA request are allowed. *Jean v. Nelson*, 863 F.2d 759, 779–80 (11th Cir. 1988).

Celeste is represented by Michael Steinberg, Esquire. Doc. 26 at 5. According to an affidavit by Steinberg, he devotes ninety percent of his practice to social-security work, and his customary hourly rate in non-contingency cases is $125 (including any cost-of-living increase). Doc. 26 at 5. He asserts that, to the best of his knowledge, the prevailing hourly rate for attorney's fees in non-contingency cases in the Tampa Bay, Florida, area is between $100 and $350. Doc. 26 at 6. It is also known in the legal community and reflected in his many appearances in social-security cases that he specializes in social-security work and has done so for many years. Records of The Florida Bar indicate that he has been a member since 1982. *See* "Find a Lawyer" on www.floridabar.org.

Celeste submits an "Itemization of Services Rendered" of Steinberg's work on his case. Doc. 26-1. Steinberg spent 18.65 hours working on the case in 2017 (most of it in November) and 1.25 hours in 2018 (in September[1] and December), for a total of 19.9 hours.[2] Doc. 26-1. Tasks included reviewing the record and rulings, preparing the brief in opposition to the Commissioner's decision, and preparing the current EAJA motion. Doc. 26-1. The administrative record is 441 pages. Docs. 10–10-9.

Celeste's $3,885.67 request is based on the 19.9 hours worked by Steinberg multiplied by a rate of $195.26 (a rate based on the $125 EAJA cap and a cost-of-

---

[1]The September 2018 entry mistakenly lists the year as 2017. *See* Doc. 26-1.

[2]In one sentence in the petition, Celeste states he is requesting fees for 23.9 hours of work. Doc. 26 at 2. This appears to be an error because the hours worked total 19.9, *see* Doc. 26-1, which Steinberg states is the correct number, Doc. 26 at 5.

living increase indexed from March 1996 to the all urban consumers price index ("CPI") for the "temporal point" of 2017). Doc. 26 at 2.

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on Steinberg's affidavit and the Court's own knowledge and expertise, the Court finds the market rate in Jacksonville for services provided by lawyers of comparable skills, experience, and reputation exceeds $125 an hour.[3]

On the second step (determining whether to adjust the rate upward from $125), the increase in the cost of living justifies an upward adjustment from $125 based on the increase in the cost of living for urban areas from March 1996 to when Steinberg performed his work. The $195.26 rate that Celeste proposes for Steinberg's work (based on figures from the "temporal midpoint" of 2017) is appropriate (and slightly less than the $197.92 rate indexed to December 2017 or $202.66 rate indexed to September 2018 for some work performed in 2018). On the reasonableness of the hours, none of the work by Steinberg appears clerical or secretarial, and none appears excludable as unnecessary. *See* Doc. 26-1. The number of hours is reasonable.

The requested $400 for costs is also reasonable because that is the amount Celeste paid to file the case. *See* Clerk's entry accompanying Doc. 1; *see also Fees*, MIDDLE DISTRICT OF FLORIDA, https://www.flmd.uscourts.gov/fees-table (last visited December 10, 2018).

Using the number of hours and requested rate, attorney's fees of $3,885.67 ($195.26 x 19.9 hours) are reasonable. The Court leaves to the Commissioner's

---

[3]Although Steinberg's firm is in Tampa, *see* Doc. 26-1, the Court uses the market rate in Jacksonville because the work was performed for a case in Jacksonville and should have been filed here (it was transferred from the Fort Myers Division because Celeste lives in Palm Coast, which is in the Jacksonville Division, Doc. 13). This does not change the analysis.

discretion whether to accept Celeste's assignment of EAJA fees to his attorney after determining if he owes a federal debt, *see* Doc. 26-2.

Because Celeste is eligible and his requested attorney's fees and costs are reasonable, the Court **grants** his petition, Doc. 26; **awards** Celeste $3,885.67 in attorney's fees and $400 in costs; and **directs** the clerk to enter judgment in favor of Celeste and against the Commissioner in the amount of $3,885.67 in attorney's fees and $400 in costs.

**Ordered** in Jacksonville, Florida, on December 17, 2018.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record